■ In the Matter of EMILY MIRAGLIO, Respondent, v. FRANCISCO RIVERA, Appellant.— In a support proceeding under article 4 of the Family Court Act, the appeal is from an order of the Family Court, Rockland County, dated December 14, 1973, and made after a hearing, which committed appellant to the County Jail for six months because of his failure to comply with a prior order of support. Order reversed, on the facts, without costs; and proceeding remitted to the Family Court for a new hearing and further proceedings not inconsistent herewith. We have repeatedly stated that the issue of ability to pay is crucial to a determination of willfulness and should be "explored in depth" (*Matter of Burchett* v. *Burchett,* 43 A D 2d 970; *Matter of Abbondola* v. *Abbondola,* 40 A D 2d 976). The appellant's contention of ill health and frequent periods of unemployment presented factual issues which merited scrutiny and the taking of proof by the court, as they tended to negate any inference of willful noncompliance. Here no competent proof was produced to sustain a finding of willfulness (cf. *Matter of Jennings* v. *Jennings,* 42 A D 2d 568). Gulotta, P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.

■ In the Matter of EDWARD F. NASIEROWSKI et al., Appellants, v. ARMAND A. GRANITO et al., Constituting the Board of Zoning Appeals of the Town of Hempstead, Respondents.— Judgment of the Supreme Court, Nassau County, dated August 14, 1973, affirmed, with $20 costs and disbursements. No opinion. Hopkins, Acting P. J., Shapiro, Cohalan and Christ, JJ., concur; Benjamin, J., dissents and votes to reverse upon the ground that the denial of a variance to appellants amounted to a confiscation of their property.