■ MADELINE PEHUSH, Respondent, v GEORGE PEHUSH, Appellant.—In a matrimonial action in which plaintiff had previously been granted a judgment of divorce, defendant appeals from an order of the Supreme Court, Rockland County, dated June 28, 1977, which, *inter alia:* (1) granted plaintiff's motion to punish him for contempt, subject to a purge provision; (2) directed that plaintiff may enter judgment for the amount of real estate taxes paid by her and for counsel fees awarded in the judgment of divorce; (3) awarded plaintiff an additional counsel fee in connection with the motion to punish defendant for contempt; and (4) denied defendant's cross motion to modify the divorce decree. Order modified by deleting therefrom the first, third and fourth decretal paragraphs thereof, and substituting therefor provisions: (1) directing a hearing on the motion to punish for contempt to determine whether defendant's nonpayments of alimony and child support were due to financial inability; (2) that the award of a counsel fee in connection with the motion to punish for contempt is to be determined after, and be based upon, the outcome of that hearing; (3) that defendant's cross motion is denied to the extent that it seeks "forgiving all alimony and support arrears heretofore accrued"; (4) that defendant's cross motion, to the extent that it seeks "suspension *in futuro* of all payments which may become due for alimony and support until such time as the defendant secures employment", is to be determined at the hearing; and (5) that the motion and cross motion are otherwise denied, without prejudice. As so modified, order affirmed, without costs or disbursements. The record is insufficient to determine the issues of inability to pay, both as to sums owing in arrears, and as to whether there should be a modification, and therefore require a hearing (see Domestic Relations Law, § 246; *Matter of Halleck v Hayden,* 47 AD2d 855; *Matter of Miraglio v Rivera,* 45 AD2d 1010; *Matter of Myerberg v Myerberg,* 41 AD2d 524). We note that defendant was laid off from his construction job after entry of the divorce decree, and has allegedly worked only sporadically since then. Damiani, J. P., Titone, Shapiro and Cohalan, JJ., concur.